NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CARLOS GONZALEZ,                    :
                                    : Civil Action No. 13-6919 (RMB)
            Petitioner,             :
                                    :
      v.                            :           **OPINION**
                                    :
JAVIER D. RODRIGUEZ,                :
                                    :
            Respondent.             :
_____ :

This matter comes before the Court upon Petitioner's § 2254 petition, see Docket Entry No. 1, which arrived accompanied by his in forma pauperis application. See Docket Entry No. 1-1.

Petitioner is a state inmate currently confined at the Institution Ponce Main, Ponse, Puerto Rico. See generally, Docket; see also https://www6.state.nj.us/DOC_Inmate/details?x=1375405&n=0 (web-page of New Jersey Department of Corrections indicating that Petitioner is confined in Puerto Rico pursuant to the Interstate Corrections Compact that authorizes the transfer of one State's prisoner to another State's prison); accord N.J. Stat. Ann. 30:7C-1 through -12.

Petitioner is challenging his conviction rendered in 2007 by the Superior Court of New Jersey, Law Division. See Docket Entry No. 1, at 1. Specifically, in November 1996, that is, more than a decade prior to his conviction, Petitioner was indicted on fourteen different offenses that included burglary, robbery,

kidnapping, numerous sexual offenses, multiple weapon offenses and child endangerment. See id. at 18-19. Upon the entry of that indictment, he fled New Jersey, and a bench warrant was issued. See id. at 19. He was located in Puerto Rico in 2006, where he was "serving a prison sentence for an unrelated crime." Id. Upon that development, Petitioner was extradited to New Jersey and, in March 2007, entered a plea agreement. See id. Under the agreement, he pled guilty only to burglary; all other counts were dismissed. See id. Petitioner was sentenced on April 15, 2007.[1] No direct appellate proceedings followed.

On September 17, 2008, Petitioner filed an application for post-conviction relief ("PCR"); it was perfected on November 28, 2008. See id. at 20. He asserted ineffective assistance of counsel but "failed to set forth any affidavits or certifications supporting his allegations." Id. at 20-21 (reflecting his claim that the results of a certain DNA test were concealed from him). The Law Division denied him PCR on the ground that any attack on his plea should have been raised in a direct appeal and also on the grounds that: (a) his position lacked a factual predicate and rested solely on his "naked" bald conclusions; and (b) no DNA evidence could have aided him with regard to the burglary charge

---

[1] Pursuant to the plea, he is serving a nine-year term concurrent to his other sentence (which he was facing after a trial on yet another offense) but consecutively to the term he had been serving in Puerto Rico. See Docket Entry No. 1, at 19.

underlying his conviction.² Id. at 21-23. Petitioner appealed, and the Appellate Division affirmed observing that, "prior to the trial judge acceptance of the plea, [Petitioner] testified that his plea was voluntary and he was satisfied with [his] counsel." See id. at 27. On December 13, 2012, the Supreme Court of New Jersey denied him certification. See id. at 28. The Petition at bar followed, being executed on November 6, 2013. See id. at 15. It recited the DNA allegations, asserted a panoply of challenges to the conduct of prosecutor and numerous challenges to the conduct of trial counsel, "pre-trial" and "during trial," as well as claims against appellate counsel. See generally id. at 5-16.

The Petition suffers of numerous facial deficiencies.³

---

² In other words, because all charges alleging sexual offenses (that might have been affected by a DNA analysis) were dismissed, Petitioner's references to DNA were inapposite to his legal position. Moreover, he conceded being aware of the DNA results prior to taking his plea: he only claimed "he did not receive a written copy of the results." Docket Entry No. 1, at 27. The state courts noted that he "fail[ed] to explain why the absence of a written copy of the DNA results adversely affected his decision to plead guilty to the burglary charges." Id.

³ For instance, Petitioner's challenges had to be limited only to those duly exhausted claims that assert the invalidity of his plea. In Tollett v. Henderson, 411 U.S. 258, 268 (1973), the Supreme Court held that a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [s]he received from counsel was not within the [constitutionally guaranteed] standards." In Hill v. Lockhart, 474 U.S. 52, 60 (1985), the Court held that there is no prejudice under Strickland v. Washington, 466 U.S. 668 (1984), unless the petitioner asserts facts showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill,

3

The threshold deficiency is untimeliness. On April 24, 1996, Congress enacted Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period starts to run from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" upon conclusion of direct review or at the expiration of time to seek such review. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999).

Here, Petitioner's judgment of conviction finalized when his time to file direct appeal expired, that is, forty-five days from

---

474 U.S. at 59. None of Petitioner's allegations here or raised during his PCR proceedings asserted such facts. See generally, Docket Entry No. 1. Thus, Petitioner's § 2254 claims are barred by his plea and/or unexhausted. Further, under § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct ; this presumption of correctness applies to explicit and implicit findings of fact. See Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). A petitioner may rebut this only by producing clear and convincing evidence of the state court's error. See Miller-El v. Cockrell, 537 U.S. 322, 341 (2003); Thomas v. Varner, 428 F.3d 491, 497-98 (3d Cir. 2005). Thus, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001). Here, the state courts found Petitioner's allegations factless. He, therefore, had to produce "clear and convincing evidence" showing those findings were false. He, however, raised only self-serving, conclusory statements that cannot qualify as "clear and convincing evidence" or evidence at all.

April 15, 2007, i.e., on May 30, 2007.[4] Thus, his one-year period of limitations began to run on that date and expired on May 29, 2008: more than three-and-a-half months prior to Petitioner's filing his PCR notice and five and a half years prior to his filing of the Petition at bar.[5]

---

[4] Pursuant to New Jersey Court Rule 2:4-1(a), the time for filing a notice of appeal is forty five days.

[5] An inmate's trial-level PCR application and his appellate PCR applications may have a statutory tolling effect only if, in addition to being timely for the purposes of the AEDPA analysis, they are timely and duly perfected under the state court rules. See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); see also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80 (3d Cir. 2013); Webster v. Ricci, 2013 U.S. Dist. LEXIS 88945, at *15-17 and nn. 13-15 (D.N.J. June 25, 2013) (detailing the Jenkins rule as applied to the § 2254 claims raised by New Jersey state prisoners), certif. denied, Webster v. Ricci, USCA No. 1-3381 (3d Cir.), Docket Entry dated Oct. 25, 2013 (affirming application of the proper perfection rule and quoting Evans v. Chavis, 546 U.S. 189, 191 (2006)). Since Petitioner's PCR was perfected only in November 2008, it was not properly pending between September 17, 2008, and the date of perfection. Analogously, if Petitioner's PCR appeals to the Appellate Division and/or the Supreme Court of New Jersey were filed out of time and entertained nunc pro tunc, those applications were not properly pending until the nunc pro tunc orders were entered. However, since the Petition at bar is out of time by more than just a handful of days, the analysis of whether Petitioner's PCR application and appeals were properly pending at all times when they were on file with the state courts is unnecessary at this juncture. Thus, the Court presumes, without making a factual finding and solely for the purposes of this Opinion and accompanying Order, that all Petitioner's PCR submissions were properly pending under the state rules at all times when they were on file. Analogously, while this Court does not know the exact date when Petitioner handed the Petition at bar to his prison officials for mailing to the Court, the Court presumes, without making a factual finding and solely for the purposes of this Opinion and accompanying Order, that it was done on the date when Petitioner executed his Petition.

5

Correspondingly, Petitioner's filing of his PCR application could not have triggered the statutory tolling. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004). Thus, unless Petitioner qualifies for equitable tolling, his Petition is untimely. See Holland v. Florida, 130 S. Ct. 2549 (2010); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).

"A litigant seeking equitable tolling bears the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); accord Holland, 130 S. Ct. 2549. Thus, even a litigant's excusable neglect cannot trigger equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Rather, equitable tolling could be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 130 S. Ct. at 2562 (relying on Pace, 544 U.S. at 418). Moreover, even where extraordinary circumstances do exist, "if the person seeking equitable tolling

has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, after Petitioner's AEDPA period expired on May 29, 2008, he kept actively litigating in state fora, but did not file a § 2254 application for five and a half years.[6] In fact, even after the Supreme Court of New Jersey denied him certification as to his PCR application, he still waited almost eleven months to file the Petition at bar.

> Such conduct presents a striking contrast to that examined in Holland and Jenkins, where litigants who had no information about the decisions reached by the state courts, filed their federal habeas petitions either on the very day they learned about the outcome of their state actions or just a few days later, and who met each of their state law filing deadlines and even perfected their abandoned-by-counsel state court applications in less than two weeks. Here, in light of Petitioner's blatant disregard for the consequences of his systemic and wilful laxness, this Court is constrained to deny him equitable tolling.

---

[6] Had Petitioner had any doubts, he could have commenced a § 2254 proceeding five years ago so to obtain stay and abeyance of his federal petition at the time when he was contemplating and then litigating his PCR applications. See Rhines v. Weber, 544 U.S. 269 (2005); accord Pace, 544 U.S. at 416.

7

Webster v. Ricci, 2013 U.S. Dist. LEXIS 88945, at *45-46 (D.N.J. June 25, 2013) (citing Munchinski v. Wilson, 694 F.3d 308, 331 (3d Cir. 2012), for the observation that a litigant shall not be rewarded for "sleeping on his rights" and noting that "[f]inding otherwise would make a mockery of those litigants who did and do go through the very same state court process and yet meet their deadlines or act with utmost diligence and promptness when faced with extraordinary circumstances in order to ensure the availability of substantive federal habeas review").

Since no equitable tolling appears warranted in this matter, the Petition should be dismissed for failure to meet the AEDPA statute of limitations requirements. However, being mindful of the Court of Appeals' guidance that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), the Court will retain jurisdiction over this matter for sixty days in order to allow Petitioner an opportunity to state his grounds for equitable tolling, if any, unaddressed in this Opinion.

Finally, the Court is obligated to determine whether the Petition, as filed, warrants issuance of a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a COA, an appeal may not be taken

from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the is a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 537 U.S. 322. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this Court debatable. Accordingly, no COA will issue.

    For the foregoing reasons, the Petition will be dismissed as untimely. No certificate of appealability will issue. The Court will retain temporary jurisdiction over this matter to allow Petitioner an opportunity to inform the Court of the Petitioner's extraordinary circumstances, if any, warranting equitable tolling in light of the guidance provided to him herein.

An appropriate Order follows.

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB,**
                                        **United States District Judge**

Dated: December 11, 2013